826 F.2d 1071
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AID PACK, INC., Plaintiff-Appellant,
v.
BEECHAM, INC. and Ann & Hope, Inc., Defendants-Appellees,
and
Omnilab Lab, Inc., Defendant.
 Appeal No. 86-1687.
 United States Court of Appeals, Federal Circuit.
 July 9, 1987.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 
 1
 Aid Pack, Inc. appeals from the grant by the United States District Court for the District of Massachusetts of summary judgment that Beecham, Inc. did not infringe U.S. Patent No. 4,068,633 ('633 patent). We affirm.
 
 
 2
 The '633 patent, issued to D'Alessandro on January 17, 1978 and assigned to Aid Pack, claims a disposable douche, consisting of a sealed plastic bottle filled with fluid and a separate nozzle. The opening in the dome-like cantilevered top of the bottle is covered by a thin plastic membrane with a key (or knob with projections) attached to the top. To prepare the apparatus for use, the key is twisted which causes the thin membrane to tear, and the separate nozzle is then snapped on to the bottle which is provided with flanges for interlocking engagement with the nozzle.
 
 
 3
 The district court held that the accused device did not literally infringe because, inter alia, the accused device did not have openings of "comparable size" in the nozzle and top of the bottle. The court found no infringement under the doctrine of equivalents because Aid Pack's claimed equivalency of the comparable size limitation was precluded by the prosecution history, and its claimed coverage of screw-top nozzles was precluded by the prosecution history and the discussion of their ineffectiveness in the specification.
 
 Infringement of Claims 1-5
 
 4
 Aid Pack appeals the finding of no literal infringement only with respect to claims 1 and 5, both of which contain, inter alia, the limitation that the openings in the nozzle attachment and dome-like top of the bottle be of "comparable size". Aid Pack contends the district court erred by limiting the meaning of "comparable" to define "dimensional characteristics" only, and asserts instead that "comparable" should be read to mean similar in "function, quality or character," i.e., that the two openings merely be sufficient to allow the desirable flow.
 
 
 5
 While the word "comparable" can be used to qualify or quantify, and Aid Pack attempts to make creative use of this flexibility in its brief, the word "comparable" does not stand alone in claim 1 and claim 5. The operative phrase is instead "comparable size ". Since the two openings in Beecham's bottle are not the same size, or even approximately the same size, we find no error in the district court's conclusion of no literal infringement. Builders Concrete, Inc. v. Bremerton Concrete Products Co., 757 F.2d 255, 257, 225 USPQ 240, 241 (Fed.Cir.1985).
 
 
 6
 The district court found claims 1 and 5 not infringed under the doctrine of equivalents, see Graver Tank & Manufacturing Co. v. Linde Air Products Co., 339 U.S. 605, 608-09, 85 USPQ 328, 330 (1950), because it concluded D'Alessandro's statements during prosecution before the PTO preclude the use of the doctrine to expand the literal meaning of "comparable size" to encompass the Beecham bottle on which "the hole in the dome is much smaller than the hole in the nozzle." Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 900, 221 USPQ 669, 678 (Fed.Cir.), cert. denied, 469 U.S. 857 (1984); Kinzenbaw v. Deere & Co., 741 F.2d 383, 389, 222 USPQ 929, 933 (Fed.Cir.1984), cert. denied, 470 U.S. 1004 (1985). The district court specifically noted that D'Alessandro added the phrase "comparable size" to distinguish his invention over two references, Darlington, U.S. Patent No. 2,769,583 ('583), and Colombo, U.S. Patent No. 3,403,804. The court concluded "[b]ecause of the ... arguments to the PTO concerning the prior art combination of Darlington and Colombo, Aid Pack is estopped from arguing that its patent covers bottles and nozzles like Beecham's."
 
 
 7
 In reply, Aid Pack merely says "[t]here are no file history statements or prior art references which prevents [sic] this Court from finding that claims 1 and 5 are infringed in their equivalent form." This conclusory statement, unsupported by authority or reasoned argument, is wholly insufficient to meet Aid Pack's burden of showing the district court erred in holding that claims 1 and 5 are not infringed under the doctrine of equivalents. See Preemption Devices, Inc. v. Minnesota Mining & Mfg. Co., 732 F.2d 903, 905, 221 USPQ 841, 842 (Fed.Cir.1984); Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1512, 220 USPQ 929, 935-36 (Fed.Cir.), cert. denied, 469 U.S. 871 (1984).
 
 Infringement of Claims 6-9 and 10
 
 8
 With respect to claims 6-9 and 10, the district court found the common limitation that the nozzle be "snap-fitted" to the bottle precluded a finding of infringement under the doctrine of equivalents. The court declined to consider whether the similarities between snap-fit and screw-top nozzles made them equivalent under the doctrine because the court found grounds for estopping Aid Pack from expanding these claims to encompass screw-tops. These grounds included D'Alessandro's cancellation of a claim that would have covered a screw-on nozzle and statements in the specification citing screw-tops on prior art devices as causing some of the problems his invention solved.
 
 
 9
 The PTO rejected the cancelled claim as unpatentable under 35 U.S.C. Sec. 103 over Darlington ('583) and Klygis, U.S. Patent No. 3,187,966, the latter having a screwed-on top. Cancelled claim 10 was broadly worded: "nozzle adapted to be secured to the cover." The court said that this surrender estops Aid Pack from contending now that "its claim language such as 'snap fit' ... should be given a broad construction which would include screw-on."
 
 
 10
 As to the specification statements, they read:
 
 
 11
 [Certain commercially available douches] must be carefully assembled by the user in order to avoid inadvertent leakage which will occur if the nozzle is not securely screwed by the collar to the bottle. Such leakage can readily occur as a result of careless assembly or loosening during use.
 
 
 12
 * * *
 
 
 13
 A further object of the present invention is to provide a fluid containing blow molded bottle having an integrally formed cover that snaps into a mating recess in a nozzle. (Emphasis added.)
 
 
 14
 Aid Pack argues that these statements were directed to the inadequacy of the various prior art devices in their entirety. Nothing in the specification, however, separates out the screw-top feature of the prior art devices as not being part of the problem. Moreover, Aid Pack has failed to explain how its invention, if used in a screw-top configuration, would not suffer from the same problems caused by "careless assembly or loosening" that affected prior art devices. These problems are said in the specification to be eliminated by the snap-top configuration actually claimed by Aid Pack.
 
 
 15
 It is Aid Pack's burden on appeal to show affirmatively that the district court erred in finding no infringement of the claims of the '633 patent under the doctrine of equivalents. See Preemption Devices, 732 F.2d at 905, 221 USPQ at 842. We conclude that Aid Pack has failed to carry its burden. We cannot say that the district court erred in holding that the cancelled claim and the statements in the specification precluded a finding of infringement by screw-top nozzles under the doctrine of equivalents.
 
 CONCLUSION
 
 16
 We have considered the other arguments of Aid Pack and do not find any of them sufficient to overturn the judgment of the district court.